UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

MANDY WARD                                                                                                    PLAINTIFF

v.                                                                                       CIVIL ACTION NO. 3:04-CV-346-S

PASSPORT TRANSPORT, LTD.                                                                        DEFENDANT

### MEMORANDUM OPINION

This matter is before the court upon the cross-motions of the parties for summary judgment. A party moving for summary judgment has the burden of showing that there are no genuine issues of fact and that the movant is entitled to summary judgment as a matter of law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 153-61, S. Ct. 1598, 1606-10, 16 L.Ed.2d 142 (1970); *Felix v. Young*, 536 F.2d 1126, 1134 (6th Cir. 1976). Not every factual dispute between the parties will prevent summary judgment. The disputed facts must be material. They must be facts which, under the substantive law governing the issue, might affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S. Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The dispute must also be genuine. The facts must be such that if they were proven at trial, a reasonable jury could return a verdict for the non-moving party. *Id.* at 2510. The disputed issue does not have to be resolved conclusively in favor of the non-moving party, but that party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 288-89, 88 S.Ct. 1575, 1592-93, 20 L.Ed.2d 569 (1968). The evidence must be construed in a light most favorable to the party opposing the motion. *Bohn Aluminum & Brass Corp. v. Storm King Corp.*, 303 F.2d 425 (6th Cir. 1962).

## BACKGROUND

The plaintiff, Mandy Ward ("Ward"), owned six antique vehicles, including a 1946 Chevy Pick-Up Truck, a 1957 Ford Fairlane, 1957 T-Bird, a 1955 Chevrolet Belair, a 1957 Chevrolet convertible, and a 1955 Chevy Nomad. Ward wanted to sell these vehicles and contracted with the defendant, Passport Transport, Ltd. ("Passport"), to ship the cars from Louisville, Kentucky to Scottsdale, Arizona, where the cars were to be auctioned off. Passport, a division of Federal Express, is a common carrier engaged in the business transporting vehicles.

After receiving Ward's order, Passport scheduled shipment with its driver, Lewis Antrill ("Antrill"), to pick up Ward's vehicles in Louisville and transport them to Scottsdale. Antrill inspected the outside of each vehicle and then physically drove each vehicle onto the trailer. From Louisville, Antrill traveled to St. Louis, Missouri, where he stopped for the night. The next morning, while performing his pre-trip inspection, Antrill opened up the right, rear door of his tractor-trailer and noticed that it was solid black inside the trailer. A fire had occurred inside the enclosed trailer.

All of Ward's vehicles were damaged, and she brought this action against Passport to recover for that damage. The parties have now moved for summary judgment. Ward's motion is limited to the issue of liability, while Passport seeks summary judgment on both liability and limitation of liability.

## ANALYSIS

### I. Liability

Pursuant to the Carmack Amendment, 49 U.S.C. 11707 *et seq.*:

> A carrier, though not an absolute insurer, is liable for damages to goods transported by it unless it can show that the damage was caused by "(a) the act of God; (b) the public enemy; (c) the act of the shipper himself; (d) public authority; (e) or the inherent vice or nature of the goods." . . . Accordingly, under federal law in an action to recover from a carrier for damage to a shipment, the shipper establishes his prima facie case when he shows delivery in good condition, arrival in damaged condition, and the amount of damages. Thereupon the burden of proof is upon the carrier to show both that

>it was free from negligence and that the damage to the cargo was due
>to one of the expect causes relieving the carrier of liability.

*Mo. Pacific RR Co. v. Elmore & Stahl*, 377 U.S. 134, 137, 84 S.Ct. 1142, 12 L.Ed.2d 194 (1964).

It is undisputed that Ward has established her *prima facie* case. Thus, the burden of proof passes to Passport, who, in order to defeat liability, must demonstrate by a preponderance of the evidence that (1) it was not negligent and (2) the *sole* cause of the damage to Ward's vehicles was one of the five exceptions to liability, *i.e.*, act of God, public enemy, act of the shipper, public authority, or inherent vice or nature of the goods. *See id*; *see also Plough, Inc. v. Mason & Dixon Lines*, 630 F.2d 468, 470 (6th Cir. 1980).

"To establish that it was free from negligence . . . [Passport] must show that its actions were those of 'an ordinarily prudent person exercising ordinary care . . . under the circumstances.'" *Man Roland, Inc. v. Kreitz Motor Exp., Inc.*, 438 F.3d 476, 481 (5th Cir. 2006). Custom, including custom of the trade, may help define the standard of care. *Id.* (citing W. Keeton, et al., *Law of Torts* § 33 (5th ed 1984). However, we need not determine whether Passport is able to make this showing. Even if Passport is able to prove that it adhered to its duty of care, it cannot establish that the sole cause of the fire was due to the inherent vice or nature of the goods, the exception to liability it asserts applies in this case. Although Passport's experts are able to opine generally as to *where* the fire ignited, they are unable to opine as to *how* the fire ignited. Absent causation, it cannot be shown that the fire started due to the inherent vice or nature of the goods. Accordingly, Passport is liable to Ward for the damage her vehicles sustained while in Passport's care.

## II. Limitation of Liability

Passport also asserts that any liability it may have is limited pursuant to the bills of lading issued for Ward's vehicles. The bills of lading purport to limit Passport's liability to "the cost of repair, cost to replace, release value or declared value, whichever is less. The Carrier will not be liable for any claims of diminished value or any other value not specifically set forth herein." The

bills of lading also state that the released value is $100,000.00 per vehicle unless a higher value not exceeding $1,000,000.00 is declared at the time of original shipment tender and is verified as such in the Bill of Lading and/or electronic media and a fee of $0.30 per $100.00 of value declared over $100,000.00 is paid. Passport argues that because Ward's authorized agent, David Rose, left blank the section whereby Ward could have obtained greater liability coverage by declaring the value of her property, Ward opted out of such coverage and agreed to the limited liability of Passport.

In order to limit its liability, however, a carrier must (1) maintain approved tariff rates with the ICC, (2) give the shipper a fair opportunity to choose between two or more levels of liability, (3) obtain the shipper's written agreement as to his choice of liability, and (4) issue a receipt or bill of lading prior to moving the shipment. Ward contends that Passport failed to comply with requirements (2) and (3), and thus, cannot limit its liability. We agree with regard to the third factor, that Passport failed to obtain Ward's written agreement as to her choice of liability.

As stated in *Toledo Ticket Co. v. Roadway Exp., Inc.*, 133 F.3d 439 (6th Cir. 1998), the shipper must agree to limit her liability "in the same sense that one agrees or assents to enter into a contractual obligation. . . . Toledo Ticket's failure to fill in the blanks [and declare a higher value for its property] cannot be held to be an affirmative act of agreement to abide by lower valuation." *Id.* at 443. The same situation exists in the case *sub judice*. By leaving blank the section whereby she could have obtained greater liability coverage by declaring the value of her vehicles, Ward did not affirmatively agree to abide by Passport's lower valuation. As such, Passport's request for summary judgment on this issue will be denied.

A separate order in accordance with this opinion will be entered this date.