UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

MANDY WARD                                                    PLAINTIFF

v.                                                   CIVIL ACTION NO. 3:04-CV-346-S

PASSPORT TRANSPORT, LTD.                                DEFENDANT

## MEMORANDUM OPINION

This matter is before the court upon the motion of the defendant, Passport Transport, Ltd. ("Passport"), to reconsider this court's Memorandum Opinion and Order entered July 12, 2007, granting summary judgment on the issue of liability to the plaintiff, Mandy Ward ("Ward"), and denying Passport's motion for summary judgment on the issue of limitation of liability. *See Ward v. Passport Transport, Ltd.*, Civil Action No. 3:04-CV-346-S (July 12, 2007) (hereinafter "*Ward I*")

## BACKGROUND

Ward owned six antique vehicles, including a 1946 Chevy Pick-Up Truck, 1957 Ford Fairlane, 1957 T-Bird, 1955 Chevrolet Belair, 1957 Chevrolet convertible, and 1955 Chevy Nomad. Ward wanted to sell these vehicles and contracted with Passport to ship the cars from Louisville, Kentucky to Scottsdale, Arizona, where the cars were to be auctioned off. Passport, a division of Federal Express, is a common carrier engaged in the business of transporting vehicles.

After receiving Ward's order, Passport scheduled shipment with its driver, Lewis Antrill ("Antrill"), to pick up Ward's vehicles in Louisville and transport them to Scottsdale. Antrill inspected the outside of each vehicle and then physically drove each vehicle onto the trailer. From Louisville, Antrill traveled to St. Louis, Missouri, where he stopped for the night. The next

- 2 -

morning, while performing his pre-trip inspection, Antrill opened up the right, rear door of his tractor-trailer and noticed that it was solid black inside the trailer. A fire had occurred inside the enclosed trailer.                    All of Ward's vehicles were damaged, and she brought this action against Passport to recover for that damage. The parties moved for summary judgment. Ward's motion was limited to the issue of liability, while Passport sought summary judgment on both liability and limitation of liability.

In this court's Memorandum Opinion and Order entered July 12, 2007, we granted Ward's motion concluding that Passport was liable to Ward for the damage her vehicles sustained, and denied Passport's motion finding that Ward did not affirmatively agree to limit Passport's liability. Passport now asks the court to reconsider our conclusions and deny Ward's motion for summary judgment on the issue of liability and grant Passport's motion for summary judgment on the issue of limitation of liability.

## DISCUSSION

A party moving for summary judgment has the burden of showing that there are no genuine issues of fact and that the movant is entitled to summary judgment as a matter of law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 151-60, 90 S. Ct. 1598, 16 L. Ed. 2d 142 (1970); *Felix v. Young*, 536 F.2d 1126, 1134 (6th Cir. 1976). Not every factual dispute between the parties will prevent summary judgment. The disputed facts must be material. They must be facts which, under the substantive law governing the issue, might affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 106 S. Ct. 2505, 2510 (1986). The dispute must also be genuine. The facts must be such that if they were proven at trial, a reasonable jury could return a verdict for the non-moving party. *Id.* at 2510. The disputed issue does not have to be resolved conclusively in favor of the non-

moving party, but that party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288-89 (1968). The evidence must be construed in a light most favorable to the party opposing the motion. *Bohn Aluminum & Brass Corp. v. Storm King Corp.*, 303 F.2d 425 (6th Cir. 1962).

### I.  Liability

In explaining the provisions of the Carmack Amendment, presently codified at 49 U.S.C. § 14706 *et seq.*, the Supreme Court has stated:

> A carrier, though not an absolute insurer, is liable for damages to goods transported by it unless it can show that the damage was caused by (a)the act of God; (b) the public enemy; (c) the act of the shipper himself; (d) public authority; (e) or the inherent vice or nature of the goods. . . . Accordingly, under federal law in an action to recover from a carrier for damage to a shipment, the shipper establishes his prima facie case when he shows delivery in good condition, arrival in damaged condition, and the amount of damages. Thereupon the burden of proof is upon the carrier to show both that it was free from negligence and that the damage to the cargo was due to one of the excepted causes relieving the carrier of liability.

*Mo. Pacific RR Co. v. Elmore & Stahl*, 377 U.S. 134, 137-38, 84 S.Ct. 1142, 12 L.Ed.2d 194 (1964).

In *Ward I*, we noted that it was undisputed that Ward had established her *prima facie* case. Thus, the burden of proof shifted to Passport, who, in order to defeat liability, was required to demonstrate by a preponderance of the evidence that (1) it was not negligent and (2) the *sole* cause of the damage to Ward's vehicles was one of the five exceptions to liability, *i.e.*, act of God, public enemy, act of the shipper, public authority, or inherent vice or nature of the goods. *See Mo. Pacific RR Co.* 377 U.S. at 137-38; *Plough, Inc. v. Mason & Dixon Lines*, 630 F.2d 468, 470 (6th Cir. 1980).

In this case the only exceptions to liability relied upon are the act of the shipper and the inherent vice or nature of the goods. No party contends that the other exceptions are applicable.

We previously found that Passport could not establish that the sole cause of the fire was due to the inherent vice or nature of the goods because although Passport's experts were able to opine generally as to *where* the fire ignited, they were unable to opine as to *how* the fire ignited. Absent causation, we found that it cannot be shown that the fire started due to the inherent vice or nature of the goods. Because Passport could not meet this burden, it was unnecessary to determine whether Passport was able to show that it was not negligent. Accordingly, we concluded that Passport was liable to Ward for the damage her vehicles sustained while in Passport's care.

In its Motion to Reconsider, Passport contends it can demonstrate that the vehicles were damaged by one of the five exceptions to liability by presenting circumstantial proof tending to show by a preponderance that one of the five exceptions was the cause. However, Passport's evidence is not sufficient to make this showing. As we previously noted, Passport's circumstantial evidence consists primarily of expert testimony which indicates that the fire ignited near the truck battery. No expert was able to provide testimony that the fire was solely caused by the act of the shipper or the truck itself. Furthermore, the fact that Ward's agents had to "jump" the truck battery before loading the truck onto the trailer, does not constitute a showing that the shipper or the truck itself solely caused the fire.

Passport's burden of proof is that of a preponderance. Passport must provide evidence that would allow a juror to reasonably find that the fire was solely caused by the inherent vice or nature of the vehicles or the acts of the shipper. Passport's evidence goes only to the location of the fire,

not causation. Therefore, on the issue of liability, we will deny Passport's motion for reconsideration.

## II. Limitation of Liability

Passport asserts that any liability it may have is limited pursuant to the bills of lading issued for Ward's vehicles. The bills of lading purport to limit Passport's liability to "the cost of repair, cost to replace, release value or declared value, whichever is less." They state that "the Carrier will not be liable for any claims of diminished value or any other value not specifically set forth herein." The bills of lading also state that the value of each vehicle is $100,000.00 unless a higher value not exceeding $1,000,000.00 is declared at the time of shipment and is verified as such in the bill of lading. Passport initially argued, and still maintains, that because Ward's authorized agent, David Rose, left blank the section whereby Ward could have obtained greater liability coverage by declaring the value of her property, Ward opted out of such coverage and agreed to Passport's more limited liability.

In *Ward I*, we noted that *Toledo Ticket Co. v. Roadway Exp., Inc.*, 133 F.3d 439, 442 (6th Cir. 1998), provides that in order for a carrier to limit its liability, it must (1) maintain approved tariff rates with the ICC, (2) give the shipper a fair opportunity to choose between two or more levels of liability, (3) obtain the shipper's written agreement as to his choice of liablity, and (4) issue a receipt or bill of lading prior to moving the shipment. We found that Passport failed to comply with requirement (3) by failing obtain Ward's written agreement as to her choice of liability.

Quoting *Toledo Ticket*, we noted that the shipper must agree to limit her liability "in the same sense that one agrees or assents to enter into a contractual obligation. . . . Toledo Ticket's failure to fill in the blanks [and declare a higher value for its property] cannot be held to be an affirmative act of agreement to abide by lower valuation." *Id.* at 443. We concluded the same situation in *Toledo Ticket* exists in this case. By leaving blank the section whereby she could have obtained greater liability coverage by declaring the value of her vehicles, Ward did not affirmatively agree to abide by Passport's lower valuation. As such, we denied Passport's motion for summary judgment on the issue of limitation of liability.

In its Motion to Reconsider, Passport again argues that because *Toledo Ticket* was decided under the pre-1996 version of the Carmack Amendment, its requirements are no longer applicable to Passport's attempt to limit its liability.

The current version of the Carmack Amendment requires a carrier to provide a shipper with the carrier's tariff *if the shipper requests it* instead of requiring the carrier to file its tariff with the now-defunct ICC. *See* 49 U.S.C. § 14706(c)(1)(B). The current version does not however, alter the requirement that in order for a carrier to limit its liability it must obtain the shipper's written agreement as to his choice of liability. Although, the current version of the Carmack Amendment affects *Toledo Ticket* requirement (1), the remaining requirements remain unaffected. Therefore, on the issue of limitation of liability, we will deny Passport's motion for reconsideration.

A separate order in accordance with this opinion will be entered this date.